UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHUNDRA HATCH, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 10-548-BAJ-DLD** |
| **STATE OF LOUISIANA THROUGH LOUISIANA DEPARTMENT OF EDUCATION, ET AL** | |

### ORDER

This matter is before the court on a referral from the district court of plaintiff Kesha Burton's motion to compel discovery and depositions under Rule 37. (rec.doc. 20) The motion is opposed. (rec.doc. 21)

*Background*

Plaintiffs Shundra Hatch, Kesha Burton, and Carla Wells filed suit in state court against the State of Louisiana, through the Department of Education ("DOE") and the Board of Elementary and Secondary Education ("BESE"), and Pelican Education Foundation, Inc. ("Pelican"), alleging that they were employees of Kenilworth Science and Technology Middle School ("Kenilworth") for the 2009-2010 school year. Plaintiffs Hatch and Wells were dismissed on August 30, 2011, leaving only Burton as plaintiff in this matter.

Burton alleged in her state court petition that she was employed as a discipline monitor at Kenilworth, a Recovery District school operated by Pelican via a contract between DOE and Pelican. DOE supervised and BESE approved of Pelican's operation of Kenilworth. Pelican's employee, Cunyet Dokeman ("Dokeman") was placed at Kenilworth as its administrator, and Dokeman had the authority to hire, supervise, and

recommend terminations of employees with the supervision and permission of DOE. (rec.doc. 1-1, pg 2)

Burton alleged that Dokeman created a hostile work environment for her, failed to provide her with sufficient support and training, engaged in constant criticism without rational or legitimate basis, and on or about October 23, 2009, Dokeman wrongfully terminated her based on her race, gender, national origin and religion. Burton asserted that such termination was in violation of various Louisiana and federal laws, and that the reasons given for her termination were "manufactured." Id, at pg. 3. As damages, Burton seeks loss of earnings, bonuses, and benefits; emotional distress; and diminution of professional reputation and standing, among other things.

In her first amending complaint filed on August 1, 2011, Burton further alleged that Dokeman also terminated her because he was aware she was going to request leave under the Family Medical Leave Act ("FMLA") to care for her son after a pending surgery, and he did not want her to be able to "exercise her rights under this Act." (rec.doc. 13)

The parties now have filed motions for summary judgment (rec.docs. 19, 22, 25), which are pending before the district court.

***The Motion to Compel***

Plaintiff's motion is comprised of three parts: 1) failure of the defendants to produce certain individuals for depositions; 2) improper instructions by defendants at the depositions of Dokeman and White; and 3) failure to completely and fully respond to two sets of requests for production and two sets of interrogatories, propounded on July 20, 2011, and October 28, 2011. (rec.doc. 20)

### 1. Failure to Produce Individuals for Deposition

Plaintiff claims that she requested that defendants produce certain individuals for deposition, and issued deposition notices for some of these individuals, but that defendants failed to produce the individuals. It appears from the record that plaintiff noticed the depositions of Tevik Kosar (rec.doc. 20-1, pg 28 and rec.doc. 20-3, pg. 5), Shirl Gilbert, II (rec.doc. 20, pg. 5), and Ollie Tyler (Id.), but did not notice the depositions of Villas, Dunbar, or Eski. Defendants do not dispute that Kosar, Gilbert, and Tyler were noticed for deposition.

Beginning with Kosar, defendants state that they did not produce Kosar, the chairman of Pelican's board during the relevant period of time, because he was no longer the chairman of the board of Pelican at the time of the deposition. Defendants admit that Kosar is still a member of the board, however; and the court notes that defendants did not file a motion to quash the deposition notice or otherwise properly object to Kosar's deposition notice, but instead substituted the current chairman in Kosar's stead at the deposition. Defendants cite to no authority for their proposition that this substitution was proper, and as Kosar was the chairman at the relevant period of time, defendants shall be ordered to produce him for his deposition.

With regard to Gilbert, defendants state that Gilbert left his position as Superintendent of Schools, Region #2 (Greater Baton Rouge), in the Spring of 2011 and is "no longer affiliated with either defendant," so they were unable to compel him to attend a deposition. (rec.doc. 21, pg. 5) The court notes that plaintiff requested Gilbert's deposition in February, 2011 (rec.doc. 21-3, pg. 2), and there is nothing in the record to reflect that plaintiff was advised at that time that Gilbert was not employed by one of the

-3-

defendants, or would soon be leaving defendants' employment. Defendants cannot be compelled to produce a non-employee, but they can submit Gilbert's last known address to plaintiff.

With regard to Tyler, defendants state that Tyler "certainly has no knowledge of this case" and she is a "top official" of her organization who does not engage in the day-to-day operations of the charter school. (rec.doc. 21, pg. 6) Defendants also make the conclusory statement that such deposition is a "fishing expedition," but cite to no facts in support of this statement. Regardless, the court notes that the record is devoid of any motion to quash the deposition notice or otherwise properly object to Tyler's deposition, and defendants cite to no authority that they may refuse to appear for a deposition without first making a proper objection. The court therefore will order that Tyler be produced for a deposition.

Plaintiff also requested the depositions of Paul G. Villas, who was Superintendent of the Recovery School District of the Louisiana Department of Education during the relevant time period, and Folwell Dunbar, an employee of the DOE. In place of Villas, defendants instead produced John White, the superintendent of the Recovery School District as of Spring 2011, as Paul G. Villas no longer was employed by the State. Dunbar also was no longer employed by the defendants, and defendants therefore were unable to compel his appearance at a deposition. As these individuals were never noticed for these depositions, and now are no longer employed by the defendants, the court therefore will deny the motion to compel defendants to produce these individuals.

Next, plaintiff states in her motion that she requested Pelican produce Tevfik Eski (Pelican's CEO) but defendants contend that "at no point" did plaintiff name Eski in her

-4-

correspondence (rec.doc. 21, pg. 6), but rather requested the deposition of the "CEO or officer for the Pelican Education Foundation who is familiar with the operations of Kenilworth School and the contract requirements of the DOE/BESE." (rec.doc. 21-3, pg. 4) Defendants therefore produced Orhan Kizilkaya, the current chairman of Pelican's board of directors, and Kizilkaya's deposition was held on November 29, 2011. A review of the record, however, reveals that plaintiff did, in fact, request the deposition of Eski by name in her correspondence. (rec.doc. 20-1, pg. 15) However, plaintiff did not actually notice Eski's deposition; thus, the motion to compel must be denied in this regard.

In light of the pending motions and plaintiff's statements that: 1) she "believes and submits that the uncontested facts and the law previously cited by her in her prior motion for summary judgment" "clearly supports" that she was wrongfully terminated in violation of Louisiana law and she therefore is entitled to summary judgment in her favor; and 2) a "ruling on defendants' motions for summary judgment and the need for additional discovery would become moot" (rec.doc. 26, pg. 2); the court will stay the production of Kosar and Tyler for their depositions until such time as the court has ruled on the pending motions for summary judgment.

**2.  Improper Instructions at the Depositions of Dokeman & White**

Federal Rule of Civil Procedure 30(c)(2) governs objections which may be raised at the time of the deposition. Objections as to evidence, a party's conduct, or any other aspect of the deposition must be noted on the record, but the deposition still proceeds as the testimony is taken subject to any objection. According to Rule 30(c)(2), a deponent may be instructed not to answer "only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3). Here, plaintiff

-5-

Case 3:10-cv-00548-BAJ-DLD   Document 30   06/11/12   Page 5 of 7

complains that Dokeman was instructed by counsel at his deposition not to answer questions regarding the Abramson School in New Orleans, where Dokeman was the former principal and Pelican was the operator. Similarly, White, the Superintendent of the Recovery School District was instructed not to answer any questions concerning any state investigation into the operations of Pelican. Defendants respond that the questions were "irrelevant and harassing," but have not asserted a privilege in connection with these depositions. Further, the court has not ordered any limitations regarding discovery; and no Rule 30(d)(3) motions have been filed seeking a protective order for any particular inquiries. Thus, defendants' instructions to the deponents not to answer certain questions were in violation of Rule 30(c)(2), and the court will allow plaintiff to re-depose Dokeman and White on these areas of inquiry under which they previously were instructed not to answer. Such depositions shall be at defendants' cost, but without waiving defendants' rights to raise proper objections in the depositions or through appropriate motions for protective order.

3.     **Failure to Completely and Fully Respond to Discovery**

Plaintiff makes the conclusory statement that defendants failed to completely and fully respond to discovery, but other than this statement, provided no details or explanation as to what exactly was insufficient or deficient in their responses, or even attached defendants' responses themselves. It is not the court's duty to peruse all the pleadings in this matter to ascertain what information or documents were insufficient; the court therefore will deny the motion to compel in this regard.

Accordingly,

**IT IS ORDERED** that plaintiff's motion to compel (rec.doc. 20) is **GRANTED in part and DENIED in part** as follows:

1. Defendants shall produce Kosar and Tyler for deposition within 30 days of this Order, and produce the last known address of Gilbert to plaintiff within 7 days of this Order;

2. Defendants shall produce Dokeman and White for deposition within 30 days of this Order, at their own expense.

2. In all other respects, the motion is **DENIED**.

Signed in Baton Rouge, Louisiana, on June 11, 2012.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**